**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHALIA HAIDEE MATA-GARCILAZO,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 13-70476<br><br>Agency No. A099-477-447<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Nathalia Haidee Mata-Garcilazo, a native of Nicaragua and a citizen of

Nicaragua and Honduras, petitions pro se for review of the Board of Immigration

Appeals' order dismissing her appeal from an immigration judge's decision

denying her application for asylum, withholding of removal, and protection under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

With respect to Nicaragua, substantial evidence supports the agency's determination that Mata-Garcilazo did not establish past persecution because, even considered cumulatively, her experiences did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel finding that incidents of harm petitioner suffered, including death threats, constituted past persecution). Substantial evidence also supports the agency's determination that Mata-Garcilazo did not establish a well-founded fear of persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident").

With respect to Honduras, substantial evidence supports the agency's determination that Mata-Garcilazo did not establish past persecution or a well-founded fear of persecution because she did not establish a nexus to a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the

REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because Mata-Garcilazo failed to meet the lower standard of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Mata-Garcilazo failed to establish it is more likely than not she would be tortured at the instigation of or with the acquiescence of the government if returned to Nicaragua or Honduras. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**